**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4579**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES DENNIS BOLDEN, SR.,

Defendant - Appellant.

**No. 16-4580**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES DENNIS BOLDEN,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:15-cr-00303-MJG-3; 1:15-cr-00302-MJG-3)

Submitted: May 22, 2017                    Decided: June 2, 2017

Before TRAXLER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Kevin D. Docherty, BROWN, GOLDSTEIN & LEVY, LLP, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Dennis Bolden, Sr., pled guilty to two counts of conspiracy, three counts of attempted extortion, and two counts of theft from a program receiving government funds, in violation of 18 U.S.C. §§ 371, 666(a)(1)(A), 1951(a) (2012), and was sentenced to 15 months' imprisonment. On appeal, he contends the district court erred in applying a two-level enhancement under U.S. Sentencing Guidelines Manual §§ 2B1.1(b)(1)(B), 2C1.1(b)(2) (2015), based on its finding that Bolden caused a loss of more than $6,500.

Rather than reviewing the merits of Bolden's challenge to the application of USSG §§ 2B1.1(b)(1)(B), 2C1.1(b)(2), "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "A Guidelines error is considered harmless if . . . (1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted). This Court must be "certain that the result at sentencing would have been the same" absent the enhancement. *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013) (internal quotation marks omitted). Here, the district court stated that it would have imposed the same 15-month sentence even if it had found the §§ 2B1.1(b)(1)(B), 2C1.1(b)(2) enhancement inapplicable, and thus we may proceed to review Bolden's sentence for substantive reasonableness. *See Gomez-Jimenez*, 750 F.3d at 383.

"When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in

3

concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (alteration and internal quotation marks omitted). A successful objection would have yielded a total offense level of 14 and a Guidelines range of 15 to 21 months' imprisonment. Since the actual sentence imposed would fall at the bottom of the applicable Guidelines range if Bolden's argument had succeeded, the sentence is presumptively reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."). Based on our review of the record, we conclude that Bolden has failed to demonstrate "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors," *id.*, as he must do to rebut the presumption of reasonableness.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
